## JORDAN v. MADSEN et al.

No. 4738.    Decided July 2, 1929.    (279 P. 499.)

*Ben E. Roberts,* of Salt Lake City, for appellant.

*E. D. Hatch,* of Salt Lake City, for respondent.

CHERRY, C. J.

This is the second appeal in this action. The case was here before upon the appeal of the plaintiff from an order of the district court sustaining demurrers to the complaint and dismissing the action. *Jordan* v. *Madsen* (Utah) 252 P. 570. It was there held that the facts alleged stated a cause of action, and accordingly the judgment was reversed and the cause remanded for further proceedings. Thereafter the defendants answered the complaint and the cause was tried by jury resulting in a verdict and judgment for

the plaintiff and against the Superior Motor Company, from which the latter has appealed.

The action arises out of a transaction whereby the plaintiff delivered to the Superior Motor Company an automobile under a written agreement executed by the plaintiff and by Shirley Madsen as agent for the Superior Motor Company. The theory and claim of the plaintiff was that the contract was a sale of the automobile for $900, payable $500 in cash and $400 as part payment on a new automobile, agreed to be purchased by the plaintiff. The motor company contended that the contract was one of consignment merely for the purpose of sale with no obligation on its part to do more than attempt to sell it. This question was settled, however, on the first appeal in the plaintiff's favor. At the trial the main questions in dispute were the authority of the agent to bind the motor company, and whether the motor company had by its subsequent conduct ratified the contract as made by the agent.

The question of whether the contract was one of consignment or sale also arose at the trial. Evidence relating to all of the questions mentioned was introduced, and the issues were submitted to the jury under instructions which are not now questioned.

The errors assigned by appellant relate to alleged erroneous admission of certain evidence offered by the plaintiff, the overruling of a motion for nonsuit made by defendant, the refusal to direct a verdict for the defendant, and a claim that "the evidence is insufficient to sustain or justify the verdict herein or the judgment on said verdict in that the evidence shows that the automobile involved in said action was consigned to the said appellant for the purpose of determining the value of said automobile, and that no damage was shown by the evidence to said plaintiff by this appellant."

The evidence which appellant claims was erroneously admitted is not set out in appellant's brief except by a very

general reference, and no legal principles are stated or authorities cited to show why the evidence should not have been admitted. The evidence complained of was the testimony of the plaintiff of a conversation had with the appellant's agent, Shirley Madsen, just prior to the execution of the contract, the substance of which was that the plaintiff agreed to sell and the agent agreed to buy the automobile in question upon the terms mentioned in the contract. He also testified to conversations with the agent relating to the delivery of the car, and stated that he was willing to have the contract carried out and up to a certain date believed the appellant would perform its contract. He further identified and introduced in evidence a previous contract in writing made with appellant for the original purchase of the automobile in question.

We can see no reason for saying that any of the evidence complained of was seriously objectionable. The evidence of the conversation leading to the execution of the contract was in accordance with the terms of the contract as the same was construed on the first appeal by this court. It was also admissible in explanation of the contract upon the theory that the contract was ambiguous. As the court submitted to the jury the question of whether the contract was one of sale or consignment, it is apparent that the evidence referred to was admitted for that purpose. The evidence of conversations relating to the delivery of the car was clearly material and relevant, and the statement of the plaintiff that he was willing to carry out his contract and up to a specified time believed the appellant would do likewise, is of not sufficient consequence to be made the basis of error. The previous contract for the original purchase of the car from appellant was admitted to show the course of dealing between the parties with respect to the recognition of such contracts which were not countersigned or approved by the manager. As such question was involved at the trial concerning the contract sued on, the evidence of the previous contract was admissible upon that ground

and for that purpose. The appellant's exceptions to the admission of the evidence referred to are not well taken.

Appellant's assignments of error on account of the denial of its motion for a nonsuit and for a directed verdict are not argued in its brief. The record fails to show an exception to either ruling. We, therefore, do not consider them.

The point mainly argued by appellant is that the evidence is insufficient to sustain a finding that the appellant's agent had authority to enter into the contract, or that the contract was subsequently ratified by the appellant. In appellant's assignment of errors this matter is not specified as required by rule 26 of the Rules of Practice in this court. The specification is "that the evidence is insufficient * * * in that the evidence shows that the said automobile involved in said action was consigned to the said appellant," etc. This presents no question of the insufficiency of evidence upon the subjects of authority and ratification. We have, however, examined the record and find at least some substantial evidence supporting the authority of the agent to make the contract for his principal, and of the subsequent ratification of the contract by the principal. It was admitted that Madsen was a sales agent for appellant at the time the contract was executed. It was further admitted that the automobile was delivered to the agent and by him delivered to the principal along with the contract under which the plaintiff parted with it. The principal retained the automobile, at first complaining about the price only. Later it asserted that the agent had no authority to purchase the car, but nevertheless kept the car in its possession with no offer to return it. In addition there was evidence of former dealings between agents of the appellant and the plaintiff, and with others in that locality, tending to show that such agents had entered into similar transactions which were recognized and approved by the appellant.

Taken all together we think there was sufficient evidence to go to the jury and to support a finding that the principal was bound by the contract.

JUDGMENT AFFIRMED.

STRAUP. ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.